# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

Justin Goldman,

        Plaintiff

        vs

Terry Collins, et. al.,

        Defendants

Case No. C-1-08-739
(Dlott, J.)
(Hogan, M.J.)

**REPORT AND
RECOMMENDATION**

This matter is before the Court upon Plaintiff's Request for a TRO and Injunction (Doc. 15); and Defendants' Memorandum in Opposition to Plaintiff's Request for a TRO and Injunction (Doc. 20). Plaintiff, an inmate at Lebanon Correctional Institution ("L.C. I."), brings this action claiming that Defendants violated his rights under the First Amendment. Plaintiff seeks an order requiring prison officials to accommodate his religious request for kosher meals. (Doc. 15).

In determining whether to issue a temporary restraining order, this Court must balance the following factors:

1.      Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2.      Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3.      Whether an injunction will cause others to suffer substantial harm; and

4.      Whether the public interest would be served by a preliminary injunction.

*U.S. v. Bayshore Associates, Inc.,* 934 F.2d 1391, 1398 (6th Cir. 1991); *In Re King World Productions, Inc.,* 898 F.2d 56, 59 (6th Cir. 1990); *Project Vote! V. Ohio Bureau of Employment Services,* 578 F. Supp. 7, 9 (S.D. Ohio 1982) (Spiegel, J.). *See also Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 103 n.3 (6th Cir. 1991); *Newsom v. Norris,* 888 F.2d 371, 373 (6th Cir. 1989); *Frisch's Restaurant, Inc. v. Shoney's, Inc.,* 759 F.2d 1261, 1263 (6th Cir. 1985).

The Court finds that Plaintiff has neither alleged facts, nor submitted evidence, warranting an immediate injunction in this matter. Plaintiff has made no attempt to apply the above factors to his situation. Plaintiff has failed to present any evidence showing he has a substantial likelihood of success on the merits of his constitutional claim, or that he will suffer irreparable harm absent an

immediate injunction.

A preliminary injunction is also not warranted in this case because the purpose of a preliminary injunction, that is, to preserve the *status quo* until a trial on the merits can be held, *see Martin*, 924 F.2d at 102, would not be served. The present *status quo* in this case is, according to Plaintiff, that he has been refused religious accommodations in violation of his rights under the First Amendment. The remedy Plaintiff presently seeks is more than an injunction maintaining the *status quo*; he seeks an Order from this Court requiring Defendants to affirmatively correct constitutional deficiencies yet to be proven. Such affirmative relief is generally beyond the scope and purpose of preliminary injunctive relief. *See id.*

**IT IS THEREFORE RECOMMENDED THAT** Plaintiff's motion (Doc. 15) be DENIED.

Date: 7/20/09

Timothy S. Hogan
United States Magistrate Judge

J:\LES\prisoner1983\Goldman.tro.wpd

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

**A. Signature**

X ☑ Agent
☐ Addressee

**B. Received by (*Printed Name*)** | **C. Date of Delivery**

1. Article Addressed to:

Justin D Coleman #535-353
Lebanon Corr. Inst.
PO Box 56
Lebanon, OH 45036

**D. Is delivery address different from item 1?** ☐ Yes
If YES, enter delivery address below: ☐ No

**3. Service Type**
☑ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

**4. Restricted Delivery? (*Extra Fee*)** ☐ Yes

**2. Article Number**
*(Transfer from service label)*

7002 3150 0000 8388 3653

PS Form 3811, August 2001      Domestic Return Receipt      102595-01-M-2509

1: 08 cv 734 (Doc. 22)